**Frances JONES, Beverly Harder, Eleanor Murray, Linda Nickel, and Mary Ruane, Plaintiffs–Appellees,**

v.

**TRUCK DRIVERS LOCAL UNION NO. 299, Defendant–Appellant.**

Nos. 85–1863, 86–1104.

United States Court of Appeals, Sixth Circuit.

April 17, 1989.

ORDER

Before MERRITT, WELLFORD and MILBURN, Circuit Judges.

We decided this case on February 3, 1988, 838 F.2d 856 (6th Cir.1988) and remanded the case for a redetermination of liability and damages, if any (Merritt, J., dissenting in part). Plaintiffs-appellees filed a timely petition for rehearing with suggestion for rehearing en banc. Defendant-appellant filed a timely petition for rehearing by the panel asking the panel to reverse the district court's decision rather than remand the case. The Clerk entered an order on April 29, 1988, denying the petition for rehearing without specifying if one or both petitions were denied. This apparently caused defendant-appellant to believe that their petition for rehearing only, however, was still pending; because the panel believed that it had disposed of the petition, it has taken no further action on it. On May 16, 1988, plaintiffs-appellees filed a motion for stay of proceedings pending the decision in *Lingle v. Norge Div. of Magic Chef,* —— U.S. ——, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). Without expressly

ruling on the motion for a stay, once *Lingle* was decided, the panel ordered the parties to submit briefs discussing the court's ability to consider *Lingle* and whether *Lingle* required a different result. In their response, defendant-appellant stated their belief that their petition for rehearing was still pending.

We deny plaintiff-appellees' motion to reconsider further in light of *Lingle*, after our examination of the parties' briefs regarding the panel's authority to reconsider and *Lingle*'s impact on the present case.

Judge Merritt agrees that plaintiffs-appellees' motion comes too late, although he adheres to his dissent and, if such motion had been timely, would set the case for reargument in light of the *Lingle* case.

In light of the ambiguities of our April 29, 1988 order, we explicitly deny defendant-appellant's motion for reconsideration of our remand order. We also deny defendant-appellant's request, in their motion to clarify, for an extension of time.

Having denied rehearing (and all other pending motions) and having given adequate reconsideration to the issues as indicated, we ORDER the remand to the district court in accordance with our February 3, 1988, opinion.